IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAY - 9 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

**CHRISTOPHER HOUSLEY**
**AND**
**ALONZO REAVES**                                                                    **PLAINTIFFS**

**VERSUS**                                              CAUSE NO.: 1:14cv205 LG-JMR

**HARRISON COUNTY, MISSISSIPPI,**
**HARRISON COUNTY BOARD OF SUPERVISORS,**
**in their official and individual capacities;**
**SHERIFF MELVIN BRISOLARA,**
**in his official and individual capacities;**
**HARRISON COUNTY SHERIFF'S DEPARTMENT,**
**MAJOR DAVID SANDERSON, WARDEN OF THE HARRISON COUNTY**
**ADULT DETENTION FACILITY,**
**in his official and individual capacities;**
**And OTHER UNKNOWN JOHN and JANE**
**DOES, A-Z, also in their official and individual capacities**          **DEFENDANTS**

## COMPLAINT

### THE DEFENDANTS ARE HEREBY PUT ON NOTICE THAT THE PLAINTIFFS WILL EXERCISE HIS RIGHT TO AND DEMANDS A TRIAL BY JURY

1. Comes, now the Plaintiffs, CHRISTOPHER HOUSLEY and ALONZO REAVES, by and through their counsel of record, Michael W. Crosby, and for good and sufficient cause of action files this their Complaint and in support of the same would state, aver and give notice of the following:

### PRELIMINARY STATEMENT

2. This is a federal civil rights action brought as a result of what the Plaintiffs allege were a blatant violation of, inter alia, their federal civil, constitutional and human rights. On or about May 10, 2011, the Defendants herein, individually and in concert with one another, in their official and individual capacities did willfully,

wantonly and with reckless disregard for the rights privileges and immunities of the Plaintiffs while acting under color of state authority did wrongfully cause the Plaintiffs to suffer shock, emotional distress, mental anguish, heartache and despair, as well as Post-traumatic Stress Disorder. Additionally, they have nightmares, anxiety, adjustment problems in life, suicidal tendencies, and lack of patience.

3. The Plaintiffs witnessed the gross negligence regarding the medical needs of their cell mate, Ray Staten, by employees of the Harrison County Adult Detention Facility, including deputies and nurses whose names are unknown at this time.

4. On the day the man died, both Plaintiffs begged the guards for help, punched and kicked on the door causing severe pain, screamed for mercy, and plead to the top of their ability for medical help. Rather than check on the man, the guards threatened to punish them, put them in lockdown (further stating that "you know what happens there" implying something very bad), take away their canteen, take away visitation and phone privileges, and threatened to extend their time in jail.

5. They were confined within the area and forced to witness and experience the horror. Further, the Plaintiffs were in the zone of danger during this incident and were denied medical treatment, both physical and mental due to being subjected to and witnessing the extreme suffering of Ray Staten. They were forced to watch a man suffer and die, needlessly and helplessly, to their serious detriment. The actions and behaviors exhibited on the day in question constitute intentional, deceitful, gross negligence and/or wrongful conduct by the Harrison County

Sheriff's Department, its officers, representatives, agents, employees, and others.

6. As a direct and proximate consequence of the actions of the Defendants, the Plaintiffs have been damaged and otherwise suffered injury for which they are entitled to be compensated in an amount to be determined by a jury but not less than $5,000,000.00.

## PARTIES

7. The Plaintiff CHRISTOPHER HOUSLEY is an adult, resident-citizen of the Second Judicial District, Harrison County, Mississippi. The First Judicial District, Harrison County, Mississippi is the location wherein the alleged wrongdoing transpired.

8. The Plaintiff ALONZO REAVES is an adult, resident-citizen of the First Judicial District, Harrison County, Mississippi. The First Judicial District, Harrison County, Mississippi is the location wherein the alleged wrongdoing transpired.

9. The Defendant, HARRISON COUNTY, MISSISSIPPI, by and through its Board of Supervisors, in their official and individual capacities is a political subdivision which pursuant to statute may be served by effecting service of process upon John McAdams, Chancery Clerk, at his regular place of business being 1801 23rd Avenue, Gulfport, MS 39501.

10. The HARRISON COUNTY BOARD OF SUPERVISORS, individually and collectively, are sued herein in their official and individual capacities for allowing such illegal and blatantly offensive practices to continue in this county without exercising the requisite level of oversight and supervision as vested in it by the

State of Mississippi. As a consequence thereof, these Defendants participated in the violation of the rights privileges and immunities of the Plaintiffs and thus are liable to them. This Defendant may be served with process through its chief executive officer, Marlin Ladner, President of the Harrison County Board of Supervisors at 1801 23rd Avenue, Gulfport, MS 39501.

11. The Defendants, the HARRISON COUNTY SHERIFF DEPARTMENT and SHERIFF MELVIN BRISOLARA are one and the same and as such this Defendant is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Harrison County Sheriff's Department. As a result of his conduct, Sheriff Melvin Brisolara violated the constitutionally protected rights, privileges and immunities of the Plaintiffs. Consequently, this Defendant is liable to the Plaintiffs for the damages so sustained. These Defendants may be served with process upon Sheriff Melvin Brisolara at 10451 Larkin Smith Road, Gulfport, MS 39503.

12. The Defendant, MAJOR DAVID SANDERSON, WARDEN OF THE HARRISON COUNTY ADULT DETENTION CENTER, is sued herein in his official and individual capacities for allowing such illegal and blatantly offensive practices to continue in this county without exercising the requisite level of oversight and supervision as vested in it by the State of Mississippi. As a consequence thereof, this Defendant participated in the violation of the rights privileges and immunities of the Plaintiffs and thus is liable to them. This Defendant may be served with process through his place of business, being the Harrison County

Adult Detention Center located at 10451 Larkin Smith Road, Gulfport, MS 39503.

13. The unknown Defendants, JOHN AND JANE DOES A-Z, are unknown individuals whose conduct violated the Plaintiffs' rights, privileges and immunities as guaranteed by the Constitution of the United States of America, the federal statues under which this claim is prosecuted and the laws of the State of Mississippi. These officers and or individuals acting in concert with state authorities once identified through the discovery process acted in their official and individual capacities and as such they are liable to the Plaintiffs for the wrongs perpetrated against them.

## JURISDICTION and VENUE

14. This honorable Court has jurisdiction over the parties and the subject-matter herein as this is the county and district where the wrongs perpetrated against the Plaintiffs by the Defendants, jointly and severally, were committed. The wrongs herein committed constituted violations of federal constitutional and statutory protections which invoke the original jurisdiction of this Honorable Court. This Court also has jurisdiction to adjudicate the pendent state claims raised herein.

15. This Court has concurrent jurisdiction of this action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1341. The amount in controversy, exclusive of costs and interest, exceeds ten thousand dollars.

## FACTS

16. Inmate Ray Staten was a cell mate of the Plaintiffs when he became ill on May 8, 2011. A nurse came and checked on him, stated that he was dehydrated, and said that he needed to be on a liquid diet. The Plaintiffs were concerned about their cellmate and noticed that his condition was worsening on May 9, 2011. Ray Staten continuously complained to them about the severe pain in his stomach, that his body felt like it was on fire, and begging for help from the Plaintiffs. The Plaintiffs tried to offer solace to their cellmate by soaking rags with water and placing the rags on their cellmate in an effort to alleviate his torture and suffering as he writhed in pain. Once again, a nurse was summoned who also stated that he was dehydrated and needed to have liquids. Ray Staten never received the liquids that both nurses had stated that he needed. During the night of May 9, Ray Staten's condition continued to decline and by the morning of May 10, 2011, he was in horrible condition. Yet again, a nurse came in and checked on him and stated that he was dehydrated. Both Plaintiffs pleaded with Officer Cash to allow Ray Staten to receive the medical attention that he so direly needed. On the afternoon of May 10, another nurse came and took the vital signs for Ray Staten and said that she would get him to medical. By about 5:00 that afternoon Ray Staten's pain was so severe that the Plaintiffs began to beat on the doors. Officer Cash came in and verbally threatened the Plaintiffs for making a commotion. A short while later, Officer Cash returned to the cell with a nurse and at that time Ray Staten was face-down on a mattress on the floor with the cold, wet towels around him. The officer told the Plaintiffs to get away from Ray Staten or they would be given a rule violation report. The Plaintiffs were

removed from the cell and taken to the exercise yard. A brief period of time later, Ray Staten was rolled out in a wheelchair with something covering his face.

### COUNT 1.

17. Plaintiff alleges and re-alleges paragraphs 1 through 13 as paragraphs 1 through 13 of this Count, with the same force and effect as if fully set forth herein.

18. The Defendants herein, jointly and severally and while acting in concert with one another, conspired to violate the Plaintiffs' constitutional and statutorily protected rights, privileges, and immunities when they, while acting under color of state law and authority subjected the Plaintiffs to cruel and inhuman punishment all in violation of 42 U.S.C §§1983 and 1985(3), 28 U.S.C. §1343, the 8th Amendment of the U. S. Constitution and State of Mississippi Constitution, Article 3, Section 28. This section provides the following: "Cruel or unusual punishment shall not be inflicted, nor excessive fines be imposed." Plaintiffs were further denied their rights to due process – Article III., Section 14 states as follows: "No person shall be deprived of life, liberty, or property except by due process of law."

19. As a direct and proximate consequence of the illegal conduct of the Defendants, jointly and severally and while acting in concert with one another, the Plaintiffs suffered injuries to each person and each Plaintiffs is therefore entitled to be compensated for the same in an amount to be determined by a jury but not less than $5,000,000.00.

### COUNT 2.

20. Plaintiff alleges and re-alleges paragraphs 1 through 15 as paragraphs 1 through 15 of this Count, with the same force and effect as if fully set forth herein.

21. The Defendants herein, the Harrison County Board of Supervisors, Sheriff Melvin Brisolara, Major David Sanderson, and the Harrison County Sheriff's Department, collectively and individually, violated the Plaintiffs' rights, privileges and immunities to be free from such illegal conduct perpetrated under color of state law when they failed to properly supervise, train, and oversee the conduct their officers and agents herein; thus, they violated 42 USC Section 1986 which was intended to prevent the same kind of illegal conduct that cause the Plaintiffs to suffer harm herein.

22. As a direct and proximate consequence of the Defendants conduct herein as set forth in Count 2 of this Complaint the Defendants failure to affirmatively carry out their supervisory and oversight responsibilities in accordance with the applicable laws governing the same, the Plaintiffs was injured and suffered irreparable loss to his person, property, liberty and reputation and he is therefore entitled to compensation in an amount to be determined by a jury but not less than $5,000,000.00.

**COUNT 3.**

23. Plaintiff alleges and re-alleges paragraphs 1 through 18 as paragraphs 1 through 18 of this Count, with the same force and effect as if fully set forth herein.

24. The Defendants are jointly and severally liable to the Plaintiffs and are required to pay the Plaintiffs's reasonable attorney fees and related litigation expenses, to include experts fees for having violated several of the Plaintiffs's civil rights as protected by such federal civil rights statutes as Sections 1983 and 1985(3) and the 8th Amendment of the U. S. Constitution and State of Mississippi Constitution,

Article 3, Section 28. Such fees and expenses are to be awarded separate and apart from any award to the Plaintiffs for his actual compensatory damages and the same should only be limited by the fair comparable market value prevailing in such similar cases of equal complexity, difficulty and novelty, noting the Plaintiffs' counsel is herein acting as a private attorney general as the same was intended by Congress when these laws were enacted.

## PRAYER FOR RELIEF

25. WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Christopher Housley and Alonzo Reaves, pray that upon the filing of this Complaint that this Honorable Court will advance this matter on the trial docket and order immediately that discovery be expedited so that the Plaintiffs may try and identify John and Jane Does A-Z and amend his Complaint as soon as they are known to allow this matter to proceed to a full trial on the merits preferably within the next nine (9) months.

26. The Plaintiffs seeks compensatory damages in the amount of $5,000,000.00 against the Defendants herein, jointly and severally and in their official and individual capacities, for the violation of their federal constitutional, civil, and human rights.

27. The Plaintiffs seek compensatory damages in the amount of $5,000,000.00 for the deprivation of their state law rights that were violated of and by the Defendants herein jointly and severally and in their official and individual capacities.

28. The Plaintiffs seek punitive damages against the Defendants, jointly and severally and in their official and individual capacities, in the amount of $10,000,000.00 for the willful, wanton and reckless disregard for the rights, privileges and immunities of the Plaintiffs such rights, privileges and immunities being guaranteed to the Plaintiffs and persons similarly situated by the Constitution of the United States of America and the Constitution of the State of Mississippi and the statutes supporting the same.

29. The Plaintiffs seeks a lodestar award of all of attorney fees, together with all litigation expenses and experts fees as a prevailing party herein, regardless of the amount of the award returned to the Plaintiffs by a jury because of the difficulty and complexity of this case.

30. The Plaintiffs pray for such other relief that is just, proper and equitable in the premises herein, and if the Plaintiffs have prayed for inappropriate, incomplete, or inadequate relief, the Plaintiffs ask permission of this Honorable Court to allow the Plaintiffs to amend this Complaint. The Plaintiffs prays for such general relief as the Court deems just, equitable and proper herein.

RESPECTFULLY SUBMITTED, this the 9th day of May, 2014.

_____
MICHAEL W. CROSBY (MS BAR NO.: 7888)
2111 25th AVENUE
GULFPORT, MISSISSIPPI 39501
TEL: 228-865-0313
FAX: 228-865-0337
michaelwcrosby@bellsouth.net