**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CHRISTOPHER HOUSLEY, ET AL.**                                    **PLAINTIFFS**

**v.**                                         **CAUSE NO. 1:14CV205-LG-JCG**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING
GRANTING HARRISON COUNTY SHERIFF'S
DEPARTMENT'S MOTION TO DISMISS**

BEFORE THE COURT is the Motion to Dismiss [10] filed by the Harrison County Sheriff's Department.  The County argues that the Sheriff's Department is not a legal entity capable of being sued.  The plaintiffs have responded in opposition, and the County has replied.  The Court finds it well established that the Sheriff's Department is not a legal entity capable of being sued, and therefore grants the County's Motion.

STANDARD OF REVIEW

The Harrison County Sheriff's Department moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  Under the Rule 12(b)(6) standard of review, this court accepts "all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff."  *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted).  A claim may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted).

DISCUSSION

This lawsuit concerns claims of deprivation of constitutional rights filed by two inmates at the Harrison County Adult Detention Center.  They claim they "witnessed the gross negligence regarding the medical needs of their cell mate, Ray Staten" and despite begging and pleading HCADC officials for medical care for Staten, they were "forced to watch a man suffer and die, needlessly and helplessly, to their serious detriment."  (Compl. 2, ECF No. 1).  The plaintiffs sued Harrison County, the Harrison County Board of Supervisors, the Harrison County Sheriff's Department, Sheriff Melvin Brisolara, Warden Major David Sanderson, and a number of John and Jane Does.

The Sheriff's Department argues that it is not a separate legal entity distinct from Harrison County and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  The plaintiffs request the "opportunity to prove that the Harrison County Sheriff's Department is a separate legal entity."  (Pl. Mem. 2, ECF No. 16).

The Sheriff's Department's capacity to be sued must be determined by Mississippi law.  Fed. R. Civ. P. 17(b)(3).  It has been clear for some time that in Mississippi, a sheriff's department is not a separate legal entity which may be sued. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶ 12) (Miss. 2006) (Mississippi Tort Claims Act).  "[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the] County."  *Id.; accord Venuto v. Jackson Cnty.*, No. 1:13CV198-LG-JCG, 2014 WL 5280963, *1 (S.D. Miss. Oct. 15, 2014).  Thus, the plaintiffs are unable to state a claim upon which relief can be granted against the Harrison

-2-

County Sheriff's Department, and it is entitled to dismissal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [10] filed by the Harrison County Sheriff's Department is **GRANTED**. Plaintiffs' claims against the Harrison County Sheriff's Department are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE