IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER HOUSLEY
and ALONZO REAVES                                                          PLAINTIFFS

v.                                                                CAUSE NO. 1:14CV205-LG-JCG

HARRISON COUNTY, MISSISSIPPI, ET AL.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Joint Motion for Summary Judgment [65] filed by Defendants the Harrison County Board of Supervisors, Harrison County, Mississippi, Sheriff Melvin Brisolara, and Major David Sanderson.  The Plaintiffs have responded and the Defendants have replied.  After due consideration of the submissions and the relevant law, it is the Court's opinion that Plaintiffs have failed to show a question of material fact for the jury regarding whether their constitutional rights were violated while they were inmates at the Harrison County Adult Detention Center.  Accordingly, the Defendants' Motion will be granted and Plaintiffs' claims dismissed.

BACKGROUND

Plaintiffs Housley and Reaves were inmates at the Harrison County Adult Detention Center at the same time and in the same cell as Ray Staten.  On May 8, 2011, Staten became ill.  The nurse that checked on him stated he was dehydrated and prescribed a liquid diet.  Staten continued to worsen.  He complained of severe pain in his stomach, and that his body felt like it was on fire.  Plaintiffs "tried to offer solace to their cellmate by soaking rags with water and placing the rags on

their cellmate in an effort to alleviate his torture and suffering as he writhed in pain." (Compl. 6, ECF No. 1). The next two checks by the nurses had the same result - they again stated that Staten was dehydrated and needed liquids. However, Staten never received any liquids. By the afternoon of May 10, "Staten's pain was so severe that the Plaintiffs began to beat on the doors." (*Id.*). Plaintiffs were reprimanded by Officer Cash, who returned a short time later with a nurse. Plaintiffs were removed from the cell and taken to the exercise yard, and Staten was removed from the cell in a wheelchair. Staten later died at the hospital.

The Plaintiffs allege that they witnessed gross negligence regarding Staten's medical needs.[1] They allege that what they witnessed subjected them to cruel and inhuman punishment in violation of the Eighth Amendment, and as a result they have suffered "shock, emotional distress, mental anguish, heartache and despair, as well as Post-traumatic Stress Disorder." (Compl. 2, ECF No.1). Their claims for violation of the Eighth Amendment are brought pursuant to 42 U.S.C. § 1983. They also claim a conspiracy among the Defendants to violate the Eighth Amendment, pursuant to § 1985(3), and allege what appears to be a Fourteenth Amendment substantive due process claim. (*Id.* at 7). Additionally, Plaintiffs contend that the Harrison County Board of Supervisors, Brisolara, and Sanderson violated 42 U.S.C.

---

[1] They also seem to allege they were denied medical care themselves that they needed "due to being subjected to and witnessing the extreme suffering of Ray Staten." (Compl. 2, ECF No. 1). However, in their response to the Defendants' summary judgment motion, Plaintiffs explicitly state that they claim lack of medical care only for Staten, not themselves. (Pl. Resp. 10, ECF No. 80).

§ 1986 by failing to properly supervise, train and oversee the conduct of their officers and agents. (*Id.* at 8).[2]

## DISCUSSION

Since completion of the briefing on the summary judgment motion, Plaintiffs' claims have narrowed. They have conceded that they cannot establish an official policy or custom of Harrison County to violate their constitutional rights. (Pl. Resp. 16, ECF No. 80). Accordingly, all § 1983 claims against the County, its subdivisions, and its officials in their official capacity, will be dismissed. Additionally, Plaintiffs concede that they are unable to establish a class-based conspiracy under § 1985. (*Id.*). This claim will also be dismissed. Because a § 1986 claim depends upon a viable § 1985 claim, the § 1986 claim must also be dismissed. What remains are the § 1983 claims against the County officials (Sheriff Brisolara and Major Sanderson) in their individual capacities.

The Defendants argue that the Plaintiffs' claims are essentially bystander claims - Plaintiffs allege damage from observing Defendants' failure to provide Staten with proper medical care. In order for this claim to be viable under § 1983, there must be a constitutional right to be free from witnessing another person receive inadequate medical care. The Plaintiffs are unable to point to any support for the existence of this right, and they agree that there is none. (*See* Pl. Mem. 10,

---

[2] A failure to train and supervise claim is properly brought pursuant to § 1983, but as the Court finds no underlying constitutional violation, this discrepancy is of no consequence.

ECF No. 80); *see also Young v. Green*, No. 11-1592, 2012 WL 3527040, at *4 (S.D. Tex. Aug. 15, 2012) (no constitutional right to be free from witnessing police action).

Plaintiffs contend, however, that they were not merely watching, but were forced to help Staten themselves the best they could, presumably during the entire time Staten was ill - from May 8 to May 10. They argue that because they were in lockdown at the time, they were unable to bathe or change clothes, and were forced to eat with unclean hands. This is an Eighth Amendment conditions of confinement claim, which, as the Defendants note, was not explicitly alleged in Plaintiffs' Complaint. However, a very liberal interpretation of the Complaint is that it concerns Plaintiffs' conditions of confinement, generally. Accordingly, the Court will examine the Plaintiffs' Eighth Amendment conditions of confinement claim.[3]

Plaintiffs argue that *Coon v. Ledbetter* supports their Eighth Amendment claim, because they can prove a violation of their personal rights. In *Coon*, the Fifth Circuit permitted a child who was present in a trailer when police opened fire and injured her father, who was also in the trailer, to maintain a § 1983 action against the police. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). The court denied the wife's § 1983 claim because she merely witnessed the event from outside the

---

[3] Plaintiffs' reference to the Fourteenth Amendment will be disregarded. Where a particular Amendment "provides an explicit textual source of constitutional protection against a particular kind of government action, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The conditions under which the Plaintiffs were confined is subject to scrutiny under the Eighth Amendment. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

trailer. The distinction was that there was some police activity directed toward the child, but not the wife. *Id.*

Here, there were no actions of detention center officials directed toward the Plaintiffs. The officials' decisions and actions concerning Staten's medical care did not involve the Plaintiffs. Plaintiffs' arguments concern the effect of the medical treatment provided to Staten, which they claim resulted in unconstitutional conditions for themselves. Reaves testified that his civil rights were violated when he was subjected to inhumane treatment, "forcing me to live in a place where a man is pooh-poohing all over me and everybody else, when it should have been the medical staff's problem to take care of that man." (Reaves Dep. 101, ECF No. 80-5). Housley testified that the cell was not "covered" in vomit and feces from Staten, "but it don't take much to make a human being uncomfortable in any vomit and feces." (Housley Dep. 52, ECF No. 80-4). In contrast, the officers who had contact with the inmates in Staten's cell did not observe any vomit or feces in the cell. (Mot. Summ. J. Ex. F 4(¶6), ECF No. 67-6; Ex. G 4(¶6), ECF No. 67-7; Ex. L 4-5, ECF No. 67-10).

In order to prosecute an Eighth Amendment conditions of confinement claim, Plaintiffs must allege facts which suggest that the prison officials' conduct resulted in the Plaintiffs being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir. 2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* A successful claim requires that Plaintiffs establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the

defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the Plaintiffs' "health or safety." *Id.*; *see also Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

Assuming that Plaintiffs' version of events is true, and assuming that once he became ill Staten immediately became unable to hold down food or control his bowels, Plaintiffs were exposed to feces and vomit for three days. The Fifth Circuit has stated that the length of time spent in offensive conditions should be taken into account, because a "filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Alexander v. Tippah Cty.*, 351 F.3d 626, 631 (5th Cir. 2003) (quoting *Davis*, 157 F.3d at 1006). Case law in other jurisdictions establishes that when inmates spend relatively short periods of time in unsanitary conditions there is no constitutional violation. *See Smith v. Copeland*, 87 F.3d 265, 267 (8th Cir. 1996) (four days with overflowed toilet); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 956-57 (8th Cir. 1994) (twenty four hours with trash on floor, hair, dried mucus, spit and vomit in sink and dried feces on toilet seat); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five days in filthy, roach-infested cell without toilet paper).

In the Court's view, the conditions described by Plaintiffs certainly exposed them to some unpleasantness for three days, but were not so egregious as to rise to the level of cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) ("extreme" deprivations required for Eighth Amendment conditions of confinement claim); *Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013). Perhaps

more importantly, despite Plaintiffs' testimony that officers and medical personnel were in and out of the cell frequently throughout the three-day period, they provide no evidence that any jail official was aware that Plaintiffs were exposed to feces and vomit in the cell. According to their testimony, Plaintiffs' pleas for help concerned medical assistance for Staten rather than cleaning for themselves. Thus, even if the presence of feces and vomit in the cell created a risk of sufficient seriousness to Plaintiffs' health and safety, there is no evidence that the Defendants acted with deliberate difference to Plaintiffs' health and safety. If jail officials should have noticed feces and vomit in the cell but did not, such negligence cannot be the basis for an Eighth Amendment conditions of confinement claim. *Herman*, 238 F.3d at 664. In the absence of a constitutional violation, there can be no individual liability imposed upon Sheriff Brisolara or Major Sanderson. They are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Joint Motion for Summary Judgment [65] filed by Defendants the Harrison County Board of Supervisors, Harrison County, Mississippi, Sheriff Melvin Brisolara, and Major David Sanderson is **GRANTED**. Plaintiffs' claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE